NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONIELLE T. HOIST., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-cv-5370 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, NEW JERSEY | : | |
| DEPARTMENT OF ENVIRONMENTAL | : | |
| PROTECTION, DEBRA EWALT, ROSANNE | : | |
| ROSSI, VERONICA KIRKHAM, KAREN | : | |
| SONDJE, MATTEW J. COEFER, WAYNE | : | |
| GRENNIER, and DOES, | : | |
| | : | |
| Defendants. | : | |

PISANO, District Judge

Presently before the Court is Defendants, the State of New Jersey, New Jersey Department of Environmental Protection, Debra Ewalt, Rosanne Rossi, Veronica Kirkham, Karen Sondje, Matthew J. Coefer, and Wayne Grennier's (collectively "Defendants") motion for a more definite statement under Federal Rule of Civil Procedure 12(e), and/or to dismiss pursuant to Rules 12(b)(1)[1], 12(b)(5), or 12(b)(6) [docket #23].  Plaintiff, Donielle T. Hoist ("Plaintiff"), opposes this motion and also moves for default judgment [docket #24 and 25]. Defendants' oppose Plaintiff's motion for default judgment [docket #28].  This Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

---

[1] Defendants' moving papers set forth the standard of review for a motion to dismiss pursuant to Rule 12(b)(1), but then fails to address Rule 12(b)(1) in the argument.  Defendants' then set forth no standard of review for Rule 12(b)(5), yet argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5).  For purposes of completeness, this Court will address both Rule 12(b)(1) and 12(b)(5) in this Opinion.

For the reasons that follow, this Court DENIES Defendants' motion to dismiss in its entirety [docket #23] and DENIES Plaintiff's motion for default judgment [docket #25]. However, this Court, *sua sponte*, DISMISSES Plaintiff's Complaint without prejudice pursuant to Rule 8(a), permitting Plaintiff thirty (30) days to re-file an amended Complaint.

## I.    BACKGROUND

Plaintiff's *pro se* Complaint, received by the Court on August 27, 2012, arguably consists of six (6) causes of action pursuant to Title VII of the Civil Rights Act as well as New Jersey state statutory law.  The claims in Plaintiff's Complaint suffer from vagueness and ambiguity that make it difficult to discern their legal or factual basis.  The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

### A.    *State of New Jersey and the New Jersey Department of Environmental Protection*

Plaintiff alleges that she had tenured employment with the New Jersey Department of Environmental Protection ("NJDEP") and was part of a union therein.  Plaintiff claims that during the last years of her employment, she was subjected to several unwarranted disciplinary actions that were pretextual.  Further, Plaintiff contends that she was subjected to a hostile work environment during her employment and was harassed, bullied, and retaliated against.  Plaintiff states that she was a victim of racial discrimination, as various white employees were not disciplined for the same or similar behavior in the same way as Plaintiff, who is black.  Plaintiff further claims that she was forced to return to work as a result of threats of being terminated despite being on "FMLA" leave and sick leave.  Plaintiff alleges that she attempted to transfer her position, but the NJDEP deliberately failed to relocate or reassign her in an effort to create intolerable working conditions and as a pretext for termination.  Although it is unclear which

Defendant Plaintiff is attributing the misconduct to, Plaintiff also alleges generally that defamatory statements were made against and/or about her.

### B.  Debra Ewalt

Plaintiff names Debra Ewalt as an individual Defendant in this case.  However, this Court is unaware of the role Ms. Ewalt had in the instant matter, as Plaintiff's Complaint does not contain any factual allegations pertaining to Ms. Ewalt.[2]

### C.  Rosanne Rossi

Plaintiff's Complaint contains allegations that Ms. Rossi, as the administrator of the office of labor relations, engaged in initiating pretextual disciplinary actions against Plaintiff in an effort to terminate her.  Plaintiff claims that Ms. Rossi also failed to take disciplinary action against Matthew Coefer, despite Plaintiff's success on a hostile work environment claim. Plaintiff states that after being in an altercation with a white co-worker, Ms. Rossi removed only Plaintiff from office but did not suspend the white employee.  Plaintiff also contends that Ms. Rossi made comments which forced Plaintiff to return to work despite being on "FMLA" leave and sick leave pursuant to her Doctor's orders.

### D.  Veronica Kirkham

Plaintiff's Complaint alleges that Ms. Kirkham was the management representative present at the hearing to remove and terminate Plaintiff on July 6, 2011.  Plaintiff's Complaint does not make clear which allegations of misconduct pertain to Ms. Kirkham.

### E.  Karen Sondje

---

[2] It should be noted that Plaintiff's Complaint contains allegations surrounding a "Debbie Figueroa" who is an employee of the Office of Labor Relations. Given that the individuals have the same first name, it is unclear whether Plaintiff intended to list Debbie Figueora or Debra Ewalt as a Defendant. Should Plaintiff file an amended Complaint, this Court urges Plaintiff to clarify its pleading.

Plaintiff claims that Ms. Sondje was the hearing officer at the hearing to remove and terminate Plaintiff on July 6, 2011.  Plaintiff's Complaint does not make clear which allegations of misconduct pertain to Ms. Sondje.

### F.  Matthew J. Coefer

Plaintiff states that Mr. Coefer was her bureau chief.  Plaintiff claims that Mr. Coefer tampered with money, which Plaintiff was responsible for, in an effort to make it appear as though Plaintiff tampered with such funds, and that this was pretext to get Plaintiff disciplined or terminated.  Plaintiff further contends that she and Mr. Coefer filed hostile work environment claims against one another, and Plaintiff was ultimately successful on her claims against Mr. Coefer before the office labor relations.

### G.  Wayne Grennier

Plaintiff's Complaint alleges that Mr. Grennier was Plaintiff's immediate supervisor. Plaintiff contends that Mr. Grennier instructed management to place derogatory wording in one of Plaintiff's evaluations.  Plaintiff states that her union representative appealed this evaluation in order to get the derogatory wording removed, which resulted in a later meeting where Mr. Grennier harassed Plaintiff in the presence of the union representative.  Further, Plaintiff claims that during the altercation with her white co-worker as mentioned above, Mr. Grennier sent only Plaintiff home.

## II.   DISCUSSION

### A.  Legal Standard(s) on Defendants' Motion to Dismiss

#### i.      Federal Rule of Civil Procedure 12(e)

"Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the

defendants fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While *pro se* plaintiffs are not held to same strict standards as attorneys, "they also cannot be excused from compliance with the plain text of the federal rules." *Joseph v. Lopez,* No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11 2007).

Further, while a Plaintiff may comply with the standard set forth in Rule 8(a)(2), its complaint is not insulated from a motion for a more definite statement pursuant to Rule 12(e). *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003).  In fact, the purpose of Rule 12(e) "is to require greater specificity than what is ordinarily required under Rule 8(a)(2) in that narrow class of cases where the want of specificity precludes the defendant from properly framing an answer to a legally sufficient complaint.  However, to the extent Rule 12(e) can be implemented to require more than what is required by Rules 8(a)(2) and 12(b)(6), and may thereby be prone to abuse by defendants, "its exercise should be cast in the mold of strictest necessity." *Id.* (*citing Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142 (D. Del. 1960)).

### ii.     *Federal Rule of Civil Procedure 12(b)(1)*

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint, in whole or in part, if the plaintiff fails to establish that the Court has jurisdiction over the claim.  Plaintiff, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir. 1993).[3]  Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United

---

[3] Plaintiff bears the burden of establishing jurisdiction even though Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003).

States."[4]  28 U.S.C. § 1331.  "Federal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question."  *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.,* 387 Fed. Appx. 289, 292 (3d Cir. 2010) (citing *Club Comanche, Inc. v. Gov't of V.I.,* 278 F.3d 250, 259 (3d Cir. 2002)).

### iii.      Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process."  Fed.R.Civ.P. 12(b)(5).  "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm 't Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir.1993).  District courts possess "broad discretion" when evaluating a motion to dismiss for insufficient service of process.  *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992).  "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action."  *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, 2013 WL 1903295 (D.N.J. Apr. 17, 2013). "Rather, courts will elect to quash service and grant plaintiff additional time to properly serve the defendant."  *Id.*

According to Rule 4(e), a party serving an individual may serve by: "(1) following state law for serving a summons in . . . the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed.R.Civ.P. 4(e).  Additionally, "a [movant's] place of employment does not qualify

---

[4] "An action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.,* 328 Fed.Appx. 768, 770 (3d Cir. 2008).

under the dwelling house or usual place of abode method." *Gipson v. Township of Bass River,* 82 F.R.D. 122, 125 (3d Cir.1979).

iv.     *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F. 3d 902, 906 (3d Cir. 1997).  However, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions."  *Id.*  The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible of its face." *Twombly*, 550 U.S. 544 at 555.

**B.  Legal Standard on Plaintiff's Motion for Default Judgment**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Further, Federal Rule of Civil Procedure 55(b)(2) provides this Court with the discretion to enter default.  Importantly, however, "[b]efore a default judgment may be entered by the court, the party moving for default judgment must have obtained an entry of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a)." *Hyman v. W. Coast Holdings Grp., Inc.,* 2013 WL 3514598 (D.N.J. July 11, 2013).

**C.  Analysis**

i.     *Defendants' Motion for a more Definite Statement Pursuant to Rule 12(e)*

Defendants' contend that Plaintiff's Complaint contains nonparticularized allegations giving no indication as to which facts support which legal theory.  Defendants' further argue that each paragraph contains numerous factual assertions and that Plaintiff should be required to delineate each factual assertion into a separate paragraph, as well as designate which factual assertions support which legal theory.  Last, Defendants' claim that Plaintiff's use of capital letters renders the Complaint illegible.

As stated above, the exercise of Rule 12(e) should be "should be cast in the mold of strictest necessity."  *See Clark*, 213 F.R.D. at 233.  Here, Defendants' have failed to show that Plaintiff's Complaint warrants an amendment pursuant to Rule 12(e).  Plaintiff should not be required to separate each factual assertion into a separate paragraph, nor be ordered to write in either capital or non-capital letters.  However, this Court agrees with Defendants' in that Plaintiff's Complaint fails to meet the standard of Rule 8.  Plaintiff's Complaint contains six (6) causes of action[5], but fails to give Defendants' fair notice of which grounds and/or facts support each cause of action.  Rule 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the . . . claim is and the grounds on which it rests."  *Bell Atl. Corp.*, 550 U.S. at 555.

Accordingly, Defendants' motion for a more definite statement pursuant to Rule 12(e) is DENIED.  Instead, this Court, *sua sponte*, dismisses Plaintiff's Complaint without prejudice

---

[5] The cover of Plaintiff's Complaint [docket #1] reveals that Plaintiff's causes of action are for: (1) Wrongful Termination; (2) Discrimination; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Harassment; (6) Disparate Treatment.

pursuant to Rule 8(a), granting Plaintiff leave to re-file a Complaint that is in compliance with Rule 8, within thirty (30) days of the entry of the Order which accompanies this Opinion.

### ii.        *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1)*

As stated above, Defendants' moving papers address the legal standard of Rule 12(b)(1), but Defendants' do not make any arguments pursuant to the same.  Thus, it is unclear whether Defendants' move to dismiss pursuant to Rule 12(b)(1).  Regardless, this Court finds that there is jurisdiction pursuant to 28 U.S.C. § 1331.  While Plaintiff's Complaint alleges violations of statutory state law, and contains various general allegations making it difficult to discern which federal laws, if any, are at issue, Plaintiff specifically states that Title VII of the Civil Rights Act has been violated.  Accordingly, construing the *pro se* Plaintiff's pleading liberally, this Court finds that jurisdiction has been established pursuant to 28 U.S.C. § 1331, and therefore, DENIES Defendants' motion to dismiss pursuant to Rule 12(b)(1).

### iii.       *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(5)*

Defendants' argue that Plaintiff's Complaint should be dismissed against the named individual Defendants pursuant to Rule 12(b)(5) for insufficient service of process.[6]  As stated above, a Plaintiff may effectuate proper service by either following appropriate state law, leaving a copy at the Defendant(s) dwelling or usual place of abode, serving the individuals personally, or serving an authorized agent.  *See* Fed.R.Civ.P. 4(e).  Here, Plaintiff attempted to serve the individual Defendants' by serving a copy of the Summons and Complaint to the Defendants' place of employment.  Plaintiff failed to leave a copy at the individual Defendants' place of dwelling, serve the individual Defendants' personally, or serve an authorized agent of the

---

[6] Given that this Court has decided to dismiss Plaintiff's Complaint without prejudice pursuant to Rule 8, this argument is moot; however, the Court will still address it in order to avoid a similar deficiency in serving an amended Complaint.

individual Defendants'.  Further, it is well settled that a defendant's place of employment does not count as a dwelling or place of abode for purposes of service.  *See Gipson*, 82 F.R.D. at 125. Thus, this Court must address whether Plaintiff properly served Defendants' pursuant to New Jersey state law, as permitted by Fed.R.Civ.P. 4(e).

Rule 4:4-4(a) requires that a defendant over the age of 14 be served by "delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf[.]"  *New Jersey Court Rule* 4:4-4(a).  For the same reasons described above, Plaintiff has also failed to properly serve the individual Defendants' pursuant to New Jersey Court Rule 4:4-4(a).

Despite improperly serving the individual Defendants, this Court is reluctant to dismiss Plaintiff's Complaint for insufficient service of process, as Plaintiff appears to have been acting in good faith when attempting to serve the individuals. *See Ramada Worldwide Inc.*, 2013 WL at --*.  Given that Plaintiff's Complaint has already been dismissed, this Court need not quash service and accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(5) is DENIED. However, should Plaintiff decide to file an amended Complaint within thirty (30) days, this Court urges Plaintiff to effectuate proper service on the individual Defendants' in accordance with either Fed.R.Civ.P. 4(e) or New Jersey Court Rule 4:4-4(a).[7]

### iv. *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)*

Defendants' preliminary statement indicates that the Complaint should be dismissed "pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and/or 12(e)."  *See Brief in Support of the*

---

[7] Plaintiff's opposition papers reveal that Plaintiff is willing to dismiss some of the named individuals in the instant case; however, Plaintiff fails to specifically name these individuals.  This Court encourages the parties to attempt to amicably resolve the matter with respect to such individuals prior to Plaintiff filing an amended Complaint.

*Defendants' Motion to Dismiss in Lieu of Answer*, at 1.  Further, Defendants' set forth the legal standard for this Court in ruling on a motion to dismiss pursuant to Rule 12(b)(6).  Again, however, Defendants' fail to address Rule 12(b)(6) anywhere in the legal argument section.  Defendants' "Point III" contends that Plaintiff's claims of harassment and negligent and intentional infliction of emotional distress should be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction.  Arguably, this would be properly brought in a Rule 12(b)(6) motion.  However, in construing the *pro se* Plaintiff's Complaint liberally, this Court will not assume, nor create, legal arguments on behalf of Defendants.  Accordingly, the Court will not address this argument as it is moot since Plaintiff's Complaint has already been dismissed without prejudice pursuant to Rule 8(a).

### v.    *Plaintiff's Motion for Default Judgment*

Plaintiff argues that she is entitled to Default Judgment as against all Defendants, because Defendants allegedly failed to respond to the Complaint within the time permitted by the Rules of the Court.  On January 15, 2013, Plaintiff requested that the Clerk of this Court enter default as against the NJDEP [docket #21].  On January 15, 2013, the Clerk of this Court denied Plaintiff's request for entry of default [docket #22].  Further, on January 18, 2013, an Order was entered by this Court granting Defendants' motion for an extension of time to answer, and further denying Plaintiff's request for default [docket #22].  Pursuant to the Order, Defendants' were granted an additional sixty (60) days to respond to Plaintiff's Complaint, thereby giving Defendants' until March 20, 2013 to answer or otherwise move.  Defendants' then filed the instant motion to dismiss on March 13, 2013 [docket #23].

As stated above, "[b]efore a default judgment may be entered by the court, the party moving for default judgment must have obtained an entry of default by the clerk pursuant to

Federal Rule of Civil Procedure 55(a)."  *Hyman,* 2013 WL at --* (D.N.J. July 11, 2013).

Plaintiff has failed to meet this prerequisite in order to support a motion for default judgment, as

the Clerk of this Court denied Plaintiff's request for default.   Further, default judgment is

improper, as Defendants' filed a motion to dismiss on March 13, 2013, which was within the

time permitted to respond to Plaintiff's Complaint pursuant to this Court's Order.

       Accordingly, Plaintiff's motion for default judgment is DENIED.

## III.   CONCLUSION

       For the foregoing reasons, this Court DENIES Defendants' motion to dismiss in its

entirety [docket #23] and further DENIES Plaintiff's motion for default judgment [docket #25].

However, this Court, *sua sponte*, DISMISSES Plaintiff's Complaint without prejudice pursuant

to Rule 8(a), permitting Plaintiff thirty (30) days to re-file an amended Complaint.   An

appropriate Order accompanies this Opinion.


Date:  September 30, 2013                              /s/ Joel A. Pisano
                                                       JOEL A. PISANO
                                                       United States District Judge